## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| **TITAN TIRE CORPORATION OF FREEPORT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:08-cv-50072 |
| | ) | |
| **UNITED STEELWORKERS OF AMERICA,** | ) | |
| **LOCAL 745L**, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND COUNTERCLAIM OF
## DEFENDANT UNITED STEELWORKERS LOCAL 745L

Defendant, Local 745L of the United Steelworkers,  hereby answers and counterclaims

against the Plaintiff as follows:

1.      Titan Tire is an Illinois corporation with its principal place of business in Freeport,
Illinois. Titan Tire operates a manufacturing facility in Freeport, Illinois for the construction of
agricultural and other off-road tires.

**Answer to Paragraph 1:**  Defendant admits the allegations of this Paragraph.

2.      The Union is a "labor organization" as defined in the Labor Management Relations
Act, 29 U.S.C. § 152(5). The Union represents employees of Titan Tire's Freeport facility.

**Answer to Paragraph 2:**  Defendant admits the allegations of this Paragraph.

3.      Jurisdiction in this court is appropriate under 9 USC § 1 *et seq.,* 28 USC § 1331 and
29 U.S.C. § 185.

**Answer to Paragraph 3:** Defendant admits this Court has jurisdiction in this case under 29 U.S.C. § 185.

4.     Venue is appropriate in that this case is brought in the judicial district within which Defendant resides, pursuant to 28 USC § 1391(b), and within which a substantial part of the events giving rise to the claim occurred.

**Answer to Paragraph 4:** Defendant admits the allegations of this Paragraph.

5.     The parties have entered into a Collective Bargaining Agreement ("CBA") which provides that any controversy between Titan Tire and the Union shall be a grievance. A copy of the CBA is attached as Exhibit 1. The parties also negotiated and entered into a Benefits Agreement, a copy of which is attached as Exhibit 2.

**Answer to Paragraph 5:** Defendant admits the allegations of this Paragraph.

6.     Under the CBA grievance procedure, any dispute that is not resolved by the parties is submitted to an arbitrator. (See Exhibit 1, Article VI, Section 4).

**Answer to Paragraph 6:** Defendant admits that the contract contains a grievance procedure, that the grievance procedure culminates in final and binding arbitration, and that a grievance is defined as "any controversy between the Company and the Local or between the Company and its employees or any of them." Exhibit 1, p. 4; Article IV(a).

7.     Under the CBA, the arbitrator has limited authority:

The Impartial Arbitrator shall not have the power to make any award changing, amending, or adding to the provisions of the Agreement.

Specifically, the arbitrator shall not have the power to arbitrate general wage levels.

(Exhibit 1, Article VI, Section 4(e)).

**Answer to Paragraph 7:** Defendant admits that Plaintiff has correctly quoted Article IV, Section (4)(e) of the contract. Defendant denies that this section means the "arbitrator has limited authority" under the contract.

8. The Benefits Agreement also provides for a grievance procedure, which states in pertinent part:

If any such grievance shall be taken before the impartial umpire in accordance with such procedure, then the impartial umpire shall have the authority only to decide the question pursuant to the provisions of this Part V, applicable to the question, but he shall have no authority in any way to alter, add to, or subtract from any such provisions.

(Exhibit 2, Section G (5)). (P. 22) (A similar provision is found at Exhibit 2, Exhibit B-1, Section 16) (P. 47).

**Answer to Paragraph 8:** Defendant admits that Plaintiff has correctly quoted a portion of Section G(5) of the Benefits Agreement and that a similar provision is found at Page 47 of Exhibit B-1. Defendant denies the other allegations of this Paragraph.

9. On December 13, 2007, the parties submitted to arbitration a grievance challenging the Company's rejection of a medical benefits claim by employee Kip Kuhlemeier. Kuhlemeier was injured while working for his own company. It was Titan Tire's position that the Benefits Agreement excluded from coverage an injury as to which the employee was reimbursed or entitled to reimbursement under, among other things, a worker's compensation law. Titan Tire contended that this exclusion also applied to employees who had failed to elect or secure worker's compensation coverage in their outside employment.

**Answer to Paragraph 9:**  Defendant admits that the dispute in this case was submitted to arbitration and that Titan Tire made the contention set forth in this Paragraph.

10.    On January 24, 2008, Arbitrator Ellen Alexander entered an Award granting the grievance.  The decision of the Arbitrator is attached as Exhibit 3.

**Answer to Paragraph 10:**  Defendant admits the allegation of this Paragraph.

11.    Under the terms of the CBA and the Benefits Agreement, the Arbitrator shall not enter an award that in any manner changes, amends, adds to, or subtracts from, the provisions of the agreement.

**Answer to Paragraph 11:**  Defendant neither admits nor denies the allegations of this Paragraph, because the allegations set forth a legal conclusion regarding the construction of the collective bargaining agreement applicable to this dispute.  This type of construction is solely within the province of the arbitrator.

12.    The Benefits Agreement provides, "[s]pecific coverage and exclusions can be found in the most current Benefits agreement and/or Summary Plan Description for the option elected, and are incorporated herein by reference." (Exhibit 2, Exhibit D, Article IV(2)). (P. 62).

**Answer to Paragraph 12:**  Defendant admits that this allegation accurately quotes one sentence from one of the relevant contractual documents.  It denies the remaining allegations of this Paragraph.

13.    The January 24, 2008 Award changes and amends the Benefits Agreement. The Arbitrator ignored the plan language quoted in paragraph 12 and concluded the Benefits Agreement fails to incorporate exclusion language from the Summary Plan Description. The Arbitrator also

-4-

found the Summary Plan Description (called the "Plan Document") (attached as Exhibit 4), changes the Benefits Agreement and violates it.

**Answer to Paragraph 13:** Defendant denies the allegation of this Paragraph.

14.    The Arbitrator's Award violates the provisions in the CBA and Benefits Agreement which limit the Arbitrator's power.

**Answer to Paragraph 14:** Defendant denies the allegations of this Paragraph.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief in this case and requests that the case be dismissed and that Defendant be awarded the costs and reasonable attorney fees of having to defend itself.

## COUNTERCLAIM OF DEFENDANT
## UNITED STEELWORKERS LOCAL 745L

Defendant, Local 745L of the United Steelworkers of America, hereby brings this action to enforce the final and binding arbitration award in this case.  Defendant Local 745L alleges as follows:

1.    Local 745L is a labor organization within the meaning of Section 152(5) of the Labor Management Relations Act, 29 U.S.C. § 152(5).  Local 745L is a local union of the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC ("the USW").  Local 745L represents members in this judicial district at the Titan Tire plant in Freeport, Illinois.

-5-

2.      Titan Tire is an employer engaged in commerce within the meaning of the LMRA, 29 U.S.C. §§ 152(2) and 152(7) within this judicial district.

3.      The USW, Local 745L and Titan Tire are subject to a collective bargaining agreement. This agreement is attached to Titan Tire's Motion To Vacate in this case as Exhibit 1. Local 745L of the USW and Titan Tire are also subject to several collective bargaining agreements which bear on the subject of health benefits and insurance. Those agreements are attached to Titan Tire's Motion To Vacate as Exhibit 2.

4.      The main collective bargaining agreement contains a grievance procedure for the resolution of controversies between the parties. The agreements regarding health insurance and benefits also have a grievance procedure which is hooked in with the grievance procedure in the main collective bargaining agreement. The grievance procedure in the main agreement culminates in final and binding arbitration.

5.      Pursuant to this grievance procedure, Arbitrator Ellen Alexander rendered a final and binding award that is attached as Exhibit 3 to the Motion To Vacate in this case.

6.      The award of Arbitrator Alexander was within her authority under the terms of the collective bargaining agreement.

7.      The award of Arbitrator Alexander draws its essence from the terms of the applicable collective bargaining agreements.

8.      Titan Tire has refused to follow the arbitration award.

WHEREFORE, Local 745L prays for the following relief:

(a)      that the Court declare the award of Arbitrator Alexander to be valid, final, and binding;

-6-

(b)     that the Court direct Titan Tire to follow the order of the award;

(c)     that the Court award Local 745L the reasonable attorney fees and costs of

bringing this action to enforce the award; and

(d)     that the Court award any other relief it deems equitable and just.

Respectfully submitted,

CORNFIELD AND FELDMAN

By:     /s/ Stephen A. Yokich
        Stephen A. Yokich
        Attorney Bar Number 6181707

Attorneys for Defendant United Steel Workers, Local 745L

Dated:  May 14, 2008

CORNFIELD AND FELDMAN
Suite 1400
25 East Washington Street
Chicago, IL 60602-1803
(312) 236-7800
(312) 236-6686 (fax)

-7-

## <u>CERTIFICATE OF SERVICE</u>

Stephen A. Yokich, an attorney, hereby certifies that on May 14, 2008, he caused the foregoing **Answer and Counterclaim of Defendant United Steelworkers Local 745L** to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Michael R. Lied, Esq.
> HOWARD & HOWARD
> One Technology Plaza, Suite 600
> 211 Fulton Street
> Peoria, IL   61602-1350

and further certifies that on May 14, 2008, he caused the same document to be served upon the following non-registered participants by U.S. Mail, first-class postage prepaid and addressed as shown below:

> None

> /s/ Stephen A. Yokich
> Stephen A. Yokich