IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
(WESTERN DIVISION)

Howard & Howard
the law business

One North Main
Suite 300
801 North Main Street
Ann Arbor, MI 48104-1475
734.222.1483
Fax 734.761.5967

he Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304-5151
248.645.1483
Fax 248.645.1568

he Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007-4718
269.382.1483
Fax 269.382.1568

ne Wells Fargo Tower
Suite 1400
3800 Howard Hughes Parkway
Las Vegas, NV 89169-5914
702.257.1483
Fax 702.567.1568

ne Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602-1350
309.672.1483
Fax 309.672.1568

TITAN TIRE CORPORATION OF FREEPORT,    )
                                                                      )
    Plaintiff/Counterdefendant,                       )
                                                                      )        CASE NO. 3:08-CV-50072
v.                                                                    )
                                                                      )
UNITED STEELWORKERS OF AMERICA,       )
LOCAL 745L,                                                 )
                                                                      )
    Defendant/Counterplaintiff,                         )

## PLAINTIFF/COUNTERDEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Titan Tire Corporation of Freeport ("Titan Tire") provides this Memorandum of Law in Support of Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56, and Local Rule of the Northern District of Illinois 56.1(a).

### I. INTRODUCTION

On April 23, 2008, Titan Tire filed its Motion to Vacate Arbitration Award. Titan Tire's Motion contests Arbitrator Ellen Alexander's issuance of an Award, dated January 24, 2008, in favor of Local 745 of the United Steelworkers of America ("Union"). (*See* Ex. 3 to Motion to Vacate Arbitration Award.) Arbitrator Alexander exceeded her authority by modifying the terms of a Benefits Agreement ancillary to the parties' Collective Bargaining Agreement ("CBA").

## II. STANDARD OF REVIEW

### A.     Summary Judgment Standard

Summary judgment is proper if the record shows there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A genuine issue for trial exists only when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must review all evidence in a light most favorable to the nonmoving party and draw all inferences in the nonmovant's favor, *Judsen Rubber Works, Inc. v. Mfg., Prod. & Serv. Workers Union, Local No. 24*, 889 F. Supp. 1057, 1060 (N.D. Ill. 1995) (citation omitted). "However, if the evidence is merely colorable, or is not significantly probative or merely raises 'some metaphysical doubt as to the material facts,' summary judgment may be granted." *Id.* (quoting *Anderson*, 477 U.S. at 249-50) (citations omitted).

Where cross-motions for summary judgment have been submitted, the court is not required to grant judgment as a matter of law for one side or the other. *Judsen Rubber Works, Inc.*, 889 F. Supp. at 1060 (citing *Heublei, Inc. v. U.S.*, 996 F.2d 1455, 1461 (2d Cir. 1993). "The court must evaluate each party's motion on its own merits, resolving factual uncertainties and drawing all reasonable inferences against the party whose motion is under consideration." *Id.* (citing *Buttitta v. City of Chicago*, 803 F. Supp. 213, 217 (N.D. Ill. 1992), *aff'd*, 9 F.3d 1198 (7th Cir. 1993)).

### B.     Standards for Judicial Review of Labor Arbitration Awards

Titan Tire recognizes that the scope of judicial review of labor arbitration awards is extremely limited. *Judsen Rubber Works, Inc.*, 889 F. Supp. at 1060 (citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987); *Ethyl Corp. v. United*

Howard & Howard

One North Main
Suite 300
One North Main Street
Ann Arbor, MI 48104-1475
734.222.1483
Fax 734.761.3957

1c Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304-5151
248.645.1483
Fax 248.645.1568

The Comerica Building
151 South Rose Street
Kalamazoo, MI 49007-4718
269.382.1483
Fax 269.382.1568

One Wells Fargo Tower
Suite 1400
3800 Howard Hughes Parkway
Las Vegas, NV 89169-5914
702.257.1483
Fax 702.567.1568

the Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602-1350
309.672.1483
Fax 309.672.1568

*Steelworkers of Am.*, 768 F.2d 80, 184 (7th Cir. 1985), *cert. denied*, 475 U.S. 1010 (1986)). However, an arbitrator is confined to interpretation and application of the collective bargaining agreement; she does not sit to dispense her own brand of industrial justice. Her award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award. *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960). The Seventh Circuit has counseled that "[i]t is only when the arbitrator *must* have based his award on some body of thought, or feeling, or policy, or law that is outside the contract . . . that the award can be said not to 'draw its essence from the collective bargaining agreement.'" *Ethyl Corp.*, 768 F.2d at 184-85.

## III. ARGUMENT

### A. The Arbitration Award Must be Vacated Because the Arbitrator Exceeded her Authority and Modified the Terms of the Collective Bargaining Agreement

The CBA's grievance procedure in Article IV expressly limits the arbitrator's authority: "[t]he Impartial Arbitrator shall not have the power to make any award changing, amending, or adding to the provisions of the Agreement." (*See* Ex. A to Motion to Vacate Arbitration Award at Art. IV (e).) The Benefits Agreement contains similar limits on the arbitrator's authority. In this case, the arbitrator exceeded her authority by ignoring certain coverage exclusions.

The CBA provides, at Article XI, Section 7, "The parties have entered into this Collective Bargaining Agreement, *a Benefits Agreement* and a Supplemental Unemployment Benefit Plan ("Agreements"). Those Agreements shall constitute the sole and entire Agreement between the parties and supersedes [sic] all prior Agreements. The language of these Agreements will prevail over any oral Agreements, unless specifically adopted by the company in writing after the effective date of these Agreements." (emphasis added).

3

Thus, there can be no question that the parties negotiated the Benefits Agreement. The CBA provides no specific details as to what medical benefits may be available to Titan Tire employees. This is plainly why the parties negotiated an extensive Benefits Agreement.

Section A of the Benefits Agreement makes provisions for life insurance, accidental death and dismemberment insurance, optional contributory life insurance and survivor income benefits. Section B provides that the employer will provide a "medical benefits program and employee savings plan." Exhibit B (also denominated Exhibit B-1) states that the employer will provide hospital benefits, hospital-medical benefits, surgical benefits and prescription drug benefits for eligible employees and their dependents. Exhibit B-1 does not provide much detail on what specific benefits are provided or excluded. Section C provides for accident and sickness benefits. Exhibit D establishes a cafeteria benefits plan for bargaining unit employees. Under Exhibit D, employees may elect a medical benefit plan, a contributory dental benefits plan, a healthcare spending account and a dependent daycare spending account. "Plan" is defined as "…the benefit plans as set forth herein, together with all amendments thereto, which plan shall be called "Cafeteria Benefits Plan for Bargaining Unit Employees." In turn, a "Benefit Plan" means specific terms and conditions regarding a benefit.

Critical to Titan Tire's position in this case is language found under Article IV "Elective Benefits Under The Plan:"

> …Specific coverage and exclusions can be found in the most current Benefits agreement and/or Summary Plan Description for the option elected, and are incorporated herein by reference….

The parties clearly understood that there would be specific conditions or procedures which would be covered as well as specific items which were excluded. These matters would be found

Howard & Howard

One North Main
Suite 300
Ann Arbor, MI 48104-1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304-5151
248.645.1483
Fax 248.645.1568

The Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007-4718
269.382.1718
Fax 269.382.1568

The Wells Fargo Tower
Suite 1400
3800 Howard Hughes Parkway
Las Vegas, NV 89169-5914
702.257.1483
Fax 702.567.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602-1350
309.672.1483
Fax 309.672.1568

in either the Benefits Agreement or a Summary Plan Description.  The parties agreed that these additional provisions would be incorporated into the Benefits Agreement by reference.

The Plan Document (Summary Plan Description) contains 56 exclusions from coverage in its four page "General Limitations," including this one:

> No benefits or expenses will be paid or reimbursed to or for any Covered individual for any injury, illness, occupational disease, or other loss which arises out of and in the course of employment, or for which the Covered Individual is reimbursed or entitled to reimbursement under any federal or state law, including a workers' compensation law or similar law.

> This exclusion applies to each Covered Individual:  (1) who is actively engaged in a business, occupation, or profession and who may elect coverage under a workers' compensation law or similar law, but either fails to secure such coverage or voluntarily elects not to secure such coverage; or (2) whose employer may elect coverage under workers' compensation law or similar law, but either fails to secure such coverage or voluntarily elects not to secure workers' compensation coverage.

It is hardly unusual that there would be specific items covered or excluded in a health plan.  For example, it is not uncommon that a health plan will exclude such items as cosmetic procedures, weight loss surgery, contraceptives, etc.  The CBA did not itemize these exclusions and neither did the Benefit Agreement.  Instead, the parties contemplated that there would be a listing of specific coverages and exclusions in an ancillary document, in this case, the Summary Plan Description.

Here is where the arbitrator went wrong.  In her summary findings, she concluded that the Benefits Agreement did not incorporate language from the plan document "…because that document (limitation item No. 3) narrows or reduces ("alters or detracts from") what was provided for in the Benefits Agreement."  This conclusion, with no citation of authority, totally ignores the language incorporating by reference coverages and exclusions found in the Summary Plan Description.

5

Howard & Howard

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104-1475
734.222.1483
Fax 734.761.3957

195 Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304-5151
248.645.1483
Fax 248.645.1568

The Commerce Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007-4718
269.382.1483
Fax 269.382.1568

The Wells Fargo Tower
Suite 1100
3800 Howard Hughes Parkway
Las Vegas, NV 89169-5914
702.257.1483
Fax 702.567.1568

The Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602-1350
309.672.1483
Fax 309.672.1568

The arbitrator next found that the "…language of the Summary Plan changes the meaning of the Benefits Agreement, violates it, and is not applicable to the grievant." This again ignores the parties' negotiated "incorporation by reference" provision. Significantly, the arbitrator found that the draft Summary Plan Description language—obviously including the exclusions—had been provided to the union.

The Summary Plan Description does not impermissibly narrow or reduce the Benefits Agreement. Instead, it does just what the parties anticipated; it more specifically describes the coverage and exclusions.

This is not merely contractual interpretation by the arbitrator, but instead basically is a "reading out" of a contract provision which the parties freely negotiated. Both the CBA and the Benefit Plans Agreement prohibit the arbitrator from modifying the Agreement, but that is exactly what she did. Moreover, it is evident that this award might now be cited by the union as precedent for ignoring other exclusions contained in the Summary Plan Description.

As noted above, Titan Tire realizes courts do not lightly overturn an arbitrator's award. However, the Federal Arbitration Act specifically contemplates court review, and a court is not required to give deference to an arbitrator where she has exceeded her authority. That is the case here.

## IV. CONCLUSION

The Award must be vacated because the Arbitrator exceeded her authority by modifying the terms of the Benefits Agreement. Therefore, the Award does not draw its essence from the terms of the CBA.

WHEREFORE, Titan Tire Corporation of Freeport requests that the Court grant its Motion for Summary Judgment in its favor and against Defendant United Steelworkers of

6

America, Local 745L and enter an Order vacating the January 24, 2008 award of Arbitrator Ellen

Alexander as being outside the terms of the collective bargaining agreement.

Respectfully submitted,

TITAN TIRE CORPORATION OF FREEPORT,
Plaintiff/Counterdefendant


/s/ Michael R. Lied
Michael R. Lied
Howard & Howard
One Technology Plaza, Ste. 600
211 Fulton Street
Peoria, IL  61602-1350
Telephone:  (309) 999-6311
Facsimile:  (309) 672-1568
E-mail:  MLied@howardandhoward.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2008, I electronically filed Plaintiff/Counterdefendant's Memorandum of Law in Support of Motion for Summary Judgment with the Clerk of Court using the CM/ECF system which will send notification of such filings to the following:

> Stephen A. Yokich
> Cornfield and Feldman
> Suite 1400
> 25 East Washington Street
> Chicago, IL  60602-1803

/s/ Michael R. Lied
Michael R. Lied
Howard & Howard
One Technology Plaza, Ste. 600
211 Fulton Street
Peoria, IL  61602-1350
Telephone:  (309) 999-6311
Facsimile:  (309) 672-1568
E-mail:  MLied@howardandhoward.com