IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
(WESTERN DIVISION)

| | |
|---|---|
| TITAN TIRE CORPORATION OF FREEPORT, | ) |
| Plaintiff/Counterdefendant, | ) |
| v. | ) CASE NO. 3:08-CV-50072 |
| UNITED STEELWORKERS OF AMERICA, LOCAL 745L, | ) |
| Defendant/Counterplaintiff, | ) |

**PLAINTIFF/COUNTERDEFENDANT'S STATEMENT OF UNDISPUTED
MATERIAL FACTS IN SUPPORT OF
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Titan Tire Corporation of Freeport ("Titan Tire") provides the following Statement of Undisputed Material Facts as to which Titan Tire contends there is no genuine issue, pursuant to Local Rule of the Northern District of Illinois 56.1(a)(3).

1.  Titan Tire is an Illinois corporation with its principal place of business in Freeport, Illinois. Titan Tire operates a manufacturing facility in Freeport, Illinois for the construction of agricultural and other off-road tires. (Motion to Vacate Arbitration Award, ¶ 1, Answer and Counterclaim, ¶ 1.)

2.  The Union is a "labor organization" as defined in the Labor Management Relations Act, 29 U.S.C. § 152(5). The Union represents employees of Titan Tire's Freeport facility. (Motion to Vacate Arbitration Award, ¶ 2, Answer and Counterclaim, ¶ 2)

3.  The parties have entered into a Collective Bargaining Agreement ("CBA") which provides that any controversy between Titan Tire and the Union shall be a grievance. The

parties also negotiated and entered into a Benefits Agreement. (Motion to Vacate Arbitration Award, ¶ 5, Answer and Counterclaim, ¶ 5.)

4. Under the CBA grievance procedure, any dispute that is not resolved by the parties is submitted to an arbitrator. (Motion to Vacate Arbitration Award, ¶ 6, Answer and Counterclaim, ¶ 6.)

5. Under the CBA, the arbitrator has limited authority:

> The Impartial Arbitrator shall not have the power to make any award changing, amending, or adding to the provisions of the Agreement. Specifically, the arbitrator shall not have the power to arbitrate general wage levels.

(Motion to Vacate Arbitration Award, ¶ 7, Answer and Counterclaim, ¶ 7.)

6. The Benefits Agreement also provides for a grievance procedure, which states in pertinent part:

> If any such grievance shall be taken before the impartial umpire in accordance with such procedure, then the impartial umpire shall have the authority only to decide the question pursuant to the provisions of this Part V, applicable to the question, but he shall have no authority in any way to alter, add to, or subtract from any such provisions.

(Motion to Vacate Arbitration Award, ¶ 8, Answer and Counterclaim, ¶ 8.)

7. Kuhlemeier, with a business partner, had operated a side electrical repair business ("IMR Technology"). This business had no connection to Mr. Kuhlemeier's employment as an electrician with Titan Tire. (Motion to Vacate Arbitration Award, Exhibit 3, p. 2.)

8. Kuhlemeier and his partner chose not to purchase workers' compensation coverage for their business. (Motion to Vacate Arbitration Award, Exhibit 3, p. 2.)

9. Kuhlemeier was seriously injured while working for IMR Technologies. (Motion to Vacate Arbitration Award, Exhibit 3, p. 2.)

Howard & Howard
Law for business

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104-1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304-5151
248.645.1483
Fax 248.645.1568

The Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007-4718
269.382.1483
Fax 269.382.1568

The Wells Fargo Tower
Suite 1400
3800 Howard Hughes Parkway
Las Vegas, NV 89169-5914
702.257.1483
Fax 702.567.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602-1350
309.672.1483
Fax 309.672.1568

10. On December 13, 2007, the parties submitted to arbitration a grievance challenging the Company's rejection of a medical benefits claim by Kuhlemeier. (Motion to Vacate Arbitration Award, ¶ 9, Answer and Counterclaim, ¶ 9.)

11. Titan Tire's position was that there was no coverage for an injury as to which the employee was reimbursed or entitled to reimbursement under, among other things, a workers' compensation law. Titan Tire contended that this exclusion also applied to employees who had failed to elect or secure workers' compensation coverage in their outside employment. (Motion to Vacate Arbitration Award, ¶ 9, Answer and Counterclaim, ¶ 9.)

12. The arbitrator recognized that the Benefits Plan provided:

> The Plan Administrator shall have the sole and absolute discretionary authority and power to interpret plan provisions and make factual determinations in administering and carrying out the provisions of the Plan, including, but not limited to, the authority and power (a) to determine all questions relating to eligibility for the amount of any benefit to be paid under the Plan, (b) to determine all questions pertaining to claims or benefits and procedures for claim reviews, (c) to resolve all other questions arising under the Plan, including any questions of construction, and (d) to take such further action as the Plan Administrator shall deem advisable in the administration of the Plan. The actions taken and the decisions made by the Plan Administrator hereunder shall be final and binding on all interested parties.

(Motion to Vacate Arbitration Award, Exhibit 3, p. 7 (fn. 6)).

13. The Benefits Agreement also contains these provisions in Exhibit D-1, Article IV:

1. In general. Subject to the requirements of Article V of the Plan regarding elections, each Covered Employee may elect to purchase any of the Benefits set forth in this Article IV at the cost or costs as provided for by the Company for each enrollment period, and consistent with the terms of the Benefits agreement covering the Employee. *The provisions of this Article IV regarding Benefits Plans covered by a separate document are intended only as a descriptive summary, and in the case of any conflict between the Plan and a separately documented Benefit Plan, the latter shall control.*
2. Medical Benefit Plan. Each Covered Employee may elect coverage under the Medical Benefit Plan for (a) the Covered Employee only, or (b) the Covered Employee and family, including spouse and eligible children. The Covered Employee may elect coverage by choosing between the

Howard & Howard
Law for business

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104.1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483
Fax 248.645.1568

One Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007.4718
269.382.1483
Fax 269.382.1568

One Wells Fargo Tower
Suite 1400
3800 Howard Hughes Parkway
Las Vegas, NV 89169.5914
702.257.1483
Fax 702.567.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483
Fax 309.672.1568

option(s) communicated by the Company during the Enrollment Period and outlined in the respective Benefits agreement and/or Summary Plan Description. *Specific coverage and exclusions can be found in the most current Benefits agreement and/or Summary Plan Description for the option elected, and are incorporated herein by reference.* The cost for the Medical Benefit Plan option varies depending on family status category. The cost of the benefits under this Plan will be determined annually in advance of the employee enrollment period provided for in this Plan. Covered Employees will be notified of the cost of the option for a Plan Year before or during the Enrollment Period for the Plan Year.

(Motion to Vacate Arbitration Award, Exhibit 2, p. 62.) (emphasis added).

14. The arbitrator considered the terms "Plan Document" and "Summary Plan" and "Plan" to mean the same thing. (Motion to Vacate Arbitration Award, Exhibit 3, p. 4, fn. 1.)

15. The arbitrator recognized that plan language set forth in paragraph 13 above, incorporated other provisions. (Motion to Vacate Arbitration Award, Exhibit 3, p. 17.) ("However, I take as established, for analysis/argument purposes, that the D-1 language serves to incorporate plan documents terms and conditions applying to the rest of the Agreement.")

16. The Plan Document (Summary Plan Description) contains 56 exclusions from coverage in its four page "General Limitations," including the following:

> No benefits or expenses will be paid or reimbursed to or for any Covered individual for any injury, illness, occupational disease, or other loss which arises out of and in the course of employment, or for which the Covered Individual is reimbursed or *entitled to reimbursement* under any federal or state law, including a workers' compensation law or similar law. This exclusion applies to each Covered Individual (1) who is actively engaged in a business, occupation, or profession and *who may elect coverage under a workers' compensation law or similar law, but either fails to secure such coverage or voluntarily elects not to secure such coverage*; or (2) whose employer may elect coverage under workers' compensation law or similar law, but either fails to secure such coverage or voluntarily elects not to secure workers' compensation coverage.

(Motion to Vacate Arbitration Award, Exhibit 3, pp. 8-9) (emphasis supplied by arbitrator).

17. The arbitrator agreed with Titan Tire that the second paragraph of the exclusion was "quite clear." (Motion to Vacate Arbitration Award, Exhibit 3, p. 13.)

4

Howard & Howard
Law for business

ᵃᵃ North Main
Suite 300
ᵃᵃᵃ North Main Street
Ann Arbor, MI 48104-1475
734.222.1483
Fax 734.761.5957

ᵃᵃ Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304-5151
248.645.1483
Fax 248.645.1568

ᵃᵃ Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007-4718
269.382.1483
Fax 269.382.1568

ᵃᵃ Wells Fargo Tower
Suite 1400
3800 Howard Hughes Parkway
Las Vegas, NV 89169-5914
702.257.1483
Fax 702.567.1568

ᵃᵃ Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602-1350
309.672.1483
Fax 309.672.1568

18. This exclusion was different than the similar exclusion under the prior plant owner, Goodyear, and the union recognized this fact. (Motion to Vacate Arbitration Award, Exhibit 3, p. 10.) ("Both the union officers and Company risk Manager, Holley recognized that the Titan wording was very different from Goodyear on the subject of the effect of workers' compensation coverage on receipt of Titan medical care benefits.")

19. The union and company discussed this exclusion language and a final version of the Plan Document was transmitted to the union by Titan Tire in December 2006. (Motion to Vacate Arbitration Award, Exhibit 3, p. 12.)

20. The union officers were on notice that the Plan Document (Summary Plan Description) was more or less complete by December 2006 and that after the parties' final discussion, "…the Union went silent. It did not warn its employees about any new risk they faced of lost medical benefits if injured during self employment (or side employment) where the member (or their secondary employer) 'could have' applied for workers' compensation." (Motion to Vacate Arbitration Award, Exhibit 3, pp. 12-13.)

21. On January 24, 2008, Arbitrator Alexander entered an Award granting the grievance. (Motion to Vacate Arbitration Award, ¶ 10, Answer and Counterclaim, ¶ 10.)

22. The January 24, 2008 Award changes and amends the Benefits Agreement. The arbitrator failed to apply and uphold the "incorporation by reference" Benefits Agreement language and concluded the Benefits Agreement fails to incorporate the exclusion language from the Plan Document (Summary Plan Description). The arbitrator also found the Plan Document changed the Benefits Agreement and violates it. (Motion to Vacate Arbitration Award, Exhibit 3, p. 20.)

Respectfully submitted,

TITAN TIRE CORPORATION OF FREEPORT, Plaintiff/Counterdefendant

/s/ Michael R. Lied
Michael R. Lied
Howard & Howard
One Technology Plaza, Ste. 600
211 Fulton Street
Peoria, IL  61602-1350
Telephone:  (309) 672-1483
Facsimile:  (309) 672-1568
E-mail:  MLied@howardandhoward.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2008, I electronically filed Plaintiff/Counterdefendant's Statement of Undisputed Material Facts in Support of Motion for Summary Judgment with the Clerk of Court using the CM/ECF system which will send notification of such filings to the following:

Stephen A. Yokich
Cornfield and Feldman
Suite 1400
25 East Washington Street
Chicago, IL 60602-1803

/s/ Michael R. Lied
Michael R. Lied
Howard & Howard
One Technology Plaza, Ste. 600
211 Fulton Street
Peoria, IL 61602-1350
Telephone: (309) 999-6311
Facsimile: (309) 672-1568
E-mail: MLied@howardandhoward.com