IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
(WESTERN DIVISION)

| | |
|---|---|
| TITAN TIRE CORPORATION OF FREEPORT,<br><br>　　　Plaintiff/Counterdefendant,<br><br>v.<br><br>UNITED STEELWORKERS OF AMERICA,<br>LOCAL 745L,<br><br>　　　Defendant/Counterplaintiff, | CASE NO. 3:08-CV-50072 |

## RESPONSE TO MOTION OF USW LOCAL 745L FOR SUMMARY JUDGMENT

Titan Tire Corporation of Freeport ("Titan Tire"), by Howard & Howard Attorneys, P.C., responds to the Motion for Summary Judgment filed by USW Local 745L as follows.

1.　　The union argues that the Court has only limited authority to vacate a labor arbitration award, citing a number of cases in support of that argument. Titan Tire has no quarrel with this general proposition and indeed, has agreed that arbitration awards are not lightly overturned.

2.　　Nevertheless, this does not imply that the court must act as a mere rubber stamp. For example, the court may review and set aside an arbitration award if the arbitrator exceeded his contractual authority. *Cannon v. Consolidated Freightways Corp.*, 524 F.2d 290, 295 (7th Cir. 1975), citing to *International Ass'n of Machinists, District 8 v. Campbell Soup, Co.*, 406 F.2d 1223 (7th Cir. 1969), *cert. denied*, 396 U.S. 820. Similarly, the court must examine the arbitration award to determine if it is fundamentally at odds with the Collective Bargaining

Agreement ("CBA") because the arbitrator does not have the authority to disregard or modify plain and unambiguous provisions of the agreement. *Morgan Servs, Inc. v. Local 323, Chicago and Central States Joint Bd.*, 724 F.2d 1217, 1220 (6th Cir. 1984), citing to *Detroit Coil Co. v. International Ass'n of Machinists, Lodge No. 82*, 594 F.2d 575, 579 (6th Cir. 1979), *cert. denied* 444 U.S. 840. Indeed, the Seventh Circuit Court of Appeals has indicated that the arbitrator cannot simply pay lip service to his obligation to follow the Collective Bargaining Agreement. "Thus, although the arbitrator in his opinion may purport to interpret the Collective Bargaining Agreement, if we determine that the award itself cannot logically follow from the agreement, we will refuse to enforce the award." *Arch of Illinois v. District 12 United Mine Workers of Am.*, 85 F.3d 1289, 1294 (7th Cir. 1996).

3. The union argues that the key to the arbitrator's decision was her reliance on Exhibit B-1 of the Benefits Agreement. The arbitrator concluded that an employee could be excluded from medical benefits only if he was legally entitled to receive workers' compensation benefits for the same injury. Since Mr. Kuhlemeier was not—because his side-business chose not to purchase insurance—the arbitrator concluded he was entitled to medical benefits.

4. The union correctly notes that Titan relies on the exclusionary language contained in the "Plan Document," but asserts that the parties agreed that the Plan Document could not override the provisions of the parties' collective bargaining agreement. However, as the arbitrator correctly noted, the Collective Bargaining Agreement contains only a "short reference" to medical coverage in Article XI, Section 7. In fact, the language in the CBA merely indicates that the parties entered into a Collective Bargaining Agreement, a Benefits Agreement and a Supplemental Unemployment Benefits Plan, but does not address the workers' compensation situation. Thus, the Plan Document does not in any sense override or contradict the CBA, nor

does the Plan Document override Exhibit B-1. Indeed, as Titan has pointed out, B-1 fails to provide any details on coverage or exclusions. Significantly, the parties also negotiated Exhibit D, which *did* address the issue of coverage and exclusions. Under the topic "Elective Benefits Under the Plan," the parties negotiated this language "…specific coverage and exclusions can be found in the most current Benefits Agreement and/or Summary Plan Description for the option elected, and are incorporated herein by reference…." A cursory review of the Benefits Agreement shows that it did not provide "specific coverage and exclusions." Those are found only in the Summary Plan Description (or "Plan Document" as the parties and arbitrator called it).

5. While the union argues that the arbitrator correctly interpreted B-1 of the Benefits Agreement, it fails to provide a persuasive explanation why the Court should affirm the arbitrator's disregard of a specific provision of the Benefits Plan.

6. It is axiomatic that in interpreting a contract, the court (and an arbitrator) ought to interpret the agreement in a manner that gives effect to all of its terms. *See, e.g., Hanley v. James McHugh Construction Co.*, 444 F.2d 1006, 1009 (7th Cir. 1971) ("In construing the words of a contract, they must be read naturally *** and every provision must be given effect, if possible.") (internal citation omitted); *Cagan v. Intervest Midwest Real Estate Corp.*, 774 F. Supp. 1089, 1097 (N.D. IL 1981) (It is black-letter law that a negotiated agreement will not be read in a fashion that renders one of its deliberately-inserted provisions totally without meaning.). The arbitrator failed to follow this principle in this case.

7. The arbitrator's interpretation led her to ignore a specific provision of the Benefits Agreement which the parties negotiated. Thus, she actually changed the agreement of the parties. In so doing, the arbitrator exceeded her authority, and the award should not be enforced.

For the reasons set forth above and in Titan Tire's Motion for Summary Judgment and related filings, Titan Tire's Motion for Summary Judgment should be granted and the union's motion should be denied.

Respectfully submitted,

TITAN TIRE CORPORATION OF FREEPORT,
Plaintiff/Counterdefendant


/s/ Michael R. Lied
Michael R. Lied
Howard & Howard
One Technology Plaza, Ste. 600
211 Fulton Street
Peoria, IL 61602-1350
Telephone: (309) 672-1483
Facsimile: (309) 672-1568
E-mail: mlied@howardandhoward.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2008, I electronically filed the aforesaid document with the Clerk of Court using the CM/ECF system which will send notification of such filings to the following:

Stephen A. Yokich
Cornfield and Feldman
Suite 1400
25 East Washington Street
Chicago, IL  60602-1803

/s/ Michael R. Lied
Michael R. Lied
Howard & Howard
One Technology Plaza, Ste. 600
211 Fulton Street
Peoria, IL  61602-1350
Telephone:  (309) 999-6311
Facsimile:  (309) 672-1568
E-mail:  mlied@howardandhoward.com