IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| **TITAN TIRE CORPORATION OF FREEPORT**, | ) | |
| | ) | |
| Plaintiff-Counterdefendant, | ) | |
| v. | ) | Case No. 3:08-cv-50072 |
| | ) | |
| **UNITED STEELWORKERS OF AMERICA, LOCAL 745L**, | ) ) | Magistrate P. Michael Mahoney |
| Defendant-Counterplaintiff. | ) | Judge Presiding |

**RESPONSE OF THE USW TO TITAN'S
MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT**

For the following reasons, Titan's analysis is manifestly inadequate to justify overturning the arbitration award in this case.

1.  The parties agree that this Court has very limited power to review and overturn arbitration awards. Titan also agrees that the award should be sustained so long as it is based upon the provisions of the contractual agreements between the parties.

This limited scope of review means that the Court may not substitute its view of the correct reading of the contract for the arbitrator's. So long as the arbitrator honestly attempted to reconcile the conflicting contractual provisions at issue, her award should be upheld.

2.  Titan's presentation regarding the contractual provisions analyzed by the arbitrator is disingenuous. Titan agrees that the Benefits Agreement is collectively bargained by the parties. Titan fails to point out or even refer to the specific language in the Benefits Agreement that applies to this case. As explained in the USW's opening Memorandum, that language excludes coverage only when an individual is "entitled" to workers compensation benefits. The arbitrator held that the grievant was not "entitled" to benefits because he had not purchased coverage. This holding is both rational and reasonable.

3.  Titan's argument is that the language in other documents expands the exclusion in the Benefits Agreement. As explained in the Union's original Memorandum, this argument should be rejected for two reasons.

First, the language relied on by Titan was *not* negotiated by the parties. Thus, the arbitrator held that it could not be used to expand the exclusion set forth in the agreed-to Benefits Agreement. In this respect, the arbitrator noted that Titan led the Union to believe that the exclusion language in the "Plan Document" had the same meaning as the language in the Benefits Agreement. The arbitrator's reasoning that the Plan Document could not be used to narrow the benefits in the Benefits Agreement in such circumstances is a reasonable and fair construction of the Benefits Agreement.

Second, even if this Court concludes that the Company is correct in its construction of the appropriate documents, it cannot be said that the arbitrator's construction of the Agreement was irrational. In other words, this Court must uphold the award so long as it reflects a plausible construction and interpretation of the contract. Any careful review of the arbitrator's decision, however, leads to the conclusion that her construction and interpretation was, at the least, plausible. That being the case, the award should be enforced.

Respectfully submitted,

Dated:  July 21, 2008

CORNFIELD AND FELDMAN

CORNFIELD AND FELDMAN
Suite 1400
25 East Washington Street                By:   /s/ Stephen A. Yokich
Chicago, Illinois  60602-1803                  Stephen A. Yokich
(312) 236-7800
(312) 236-6686 (fax)                     Attorneys for Defendant-Counterplaintiff United Steel Workers, Local 745L

## **CERTIFICATE OF SERVICE**

Stephen A. Yokich, an attorney, hereby certifies that on July 21, 2008, he caused the foregoing **Response of the USW to Titan's Memorandum in Support of Summary Judgment** to be filed electronicallywith the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Michael R. Lied, Esq.
> HOWARD & HOWARD
> One Technology Plaza, Suite 600
> 211 Fulton Street
> Peoria, IL   61602-1350

and further certifies that on July 21, 2008, he caused the same document to be served upon the following non-registered participants by U.S. Mail, first-class postage prepaid and addressed as shown below:

> None

/s/ Stephen A. Yokich
Stephen A. Yokich