**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| **TITAN TIRE CORPORATION OF FREEPORT**, | ) | |
| | ) | |
| Plaintiff-Counterdefendant, | ) | |
| | ) | |
| v. | ) | Case No. 3:08-cv-50072 |
| | ) | |
| **UNITED STEELWORKERS OF AMERICA, LOCAL 745L**, | ) | |
| | ) | |
| | ) | Magistrate P. Michael Mahoney |
| Defendant-Counterplaintiff. | ) | Judge Presiding |

**DEFENDANT/COUNTERPLAINTIFF'S RESPONSE
TO TITAN'S STATEMENT OF UNDISPUTED MATERIAL
FACTS REGARDING MOTION FOR SUMMARY JUDGMENT**

1.      Admit.

2.      Admit.

3.      Admit.

4.      Admit.

5.      Admit that the quoted language is part of the CBA.  Deny that this language means that the arbitrator has "limited authority."

6.      Admit.

7.      Admit.

8.      Admit that Kuhlemeier and his partner decided not to purchase workers' compensation coverage for their business.

9.      Admit.

10.      Admit.

11.     Admit.

12.     Deny.  This language is found only in Exhibit D of the Medical Benefits Plan.  In addition, the language in question goes on to say that any dispute regarding the benefits provided in Exhibit D to the Benefits Plan can be submitted to an arbitrator under the grievance procedure in the labor contract.

13.     Admit that Titan has correctly quoted portions of Article IV of Exhibit D-1.

14.     Neither admit nor deny, as the Arbitrator's decision speaks for itself.

15.     Deny.  The arbitrator assumed the conclusion stated by Titan, even though she found scant evidence to support it.  Motion To Vacate Arbitration Award, Exhibit 3, p. 16.

16.     Admit that the Plan Agreement is quoted accurately.

17.     Admit.

18.     Deny.  The arbitrator found that Titan representatives told the Union that the language meant the same thing as the Goodyear language.  Motion To Vacate, Exhibit 3, pp. 10, 11, 13.

19.     Deny that the arbitrator found that the "final" document was transmitted in December 2006.  Motion To Vacate, Exhibit 3, p. 12.

20.     Admit.  The arbitrator also found that the Union did not grasp what the language meant, based upon Company representations and that the Company did not notify employees of a change.  Motion To Vacate, Exhibit 3, p. 13.

21.     Admit.

22.    Deny for the reasons set forth in our Briefs.


Respectfully submitted,

CORNFIELD AND FELDMAN


By:    /s/ Stephen A. Yokich
        Stephen A. Yokich

Attorneys for Defendant-Counterplaintiff United Steel
Workers, Local 745L

Dated:  July 22, 2008

CORNFIELD AND FELDMAN
Suite 1400
25 East Washington Street
Chicago, IL   60602-1803
(312) 236-7800
(312) 236-6686 (fax)

## CERTIFICATE OF SERVICE

Stephen A. Yokich, an attorney, hereby certifies that on July 22, 2008, he caused the foregoing **Defendant/Counterplaintiff's Response to Titan's Statement of Undisputed Material Facts Regarding Summary Judgment** to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Michael R. Lied, Esq.
> HOWARD & HOWARD
> One Technology Plaza, Suite 600
> 211 Fulton Street
> Peoria, IL   61602-1350

and further certifies that on July 22, 2008, he caused the same document to be served upon the following non-registered participants by U.S. Mail, first-class postage prepaid and addressed as shown below:

> None

> /s/ Stephen A. Yokich
> Stephen A. Yokich