**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **TITAN TIRE CORPORATION OF FREEPORT**, | ) | |
| | ) | |
| Plaintiff-Counterdefendant, | ) | |
| | ) | |
| v. | ) | Case No. 3:08-cv-50072 |
| | ) | |
| **UNITED STEELWORKERS OF AMERICA,** | ) | |
| **LOCAL 745L**, | ) | |
| | ) | Magistrate P. Michael Mahoney |
| Defendant-Counterplaintiff. | ) | Judge Presiding |

**REPLY BY THE USW TO TITAN'S RESPONSE TO**
**THE USW'S MOTION FOR SUMMARY JUDGMENT**

Whether intentional or not, Titan's Response to the USW's Motion for Summary Judgment does not accurately set forth the nature of the documents that the arbitrator had to construe to reach her decision in this case.

First, Titan and the USW are parties to a collective bargaining agreement. As Titan correctly states, this contract does not contain specific provisions regarding health insurance benefits. Instead, Titan refers to a separate "Benefits Agreement" between the parties.

Second, this Benefits Agreement is an additional agreement between the parties. It contains several sections. Section B, on Page 13, refers the reader to Exhibit B, which begins on Page 31. Exhibit B, on Page 34, has specific language regarding exclusion of coverage for individuals receiving workers' compensation benefits.

Third, there is a "Plan Document." The language in the Plan Document contains a broader exclusion with respect to individuals who are hurt at work away from the plant. The Plan Document is *not* a mutually agreed document.

Thus, the Employer is relying on the provisions of a document that was not agreed to, to override the provisions that were agreed to by the parties. For the reasons set forth in her award, the arbitrator rejected the argument that the language in the Plan Document "trumped" language in the Benefits Agreement on the same issue.

The USW will not repeat the arguments set forth in the arbitrator's award and in other prior submissions. Instead, it will restate the plain fact that the arbitrator's decision is a fair and rational reconciliation of conflicting documents and that the decision to give weight to the plain language of the Benefits Agreement should be upheld by this Court.

Respectfully submitted,

CORNFIELD AND FELDMAN


By:    /s/ Stephen A. Yokich
        Stephen A. Yokich

Attorneys for Defendant-Counterplaintiff United Steel Workers, Local 745L

Dated: July 28, 2008

CORNFIELD AND FELDMAN
Suite 1400
25 East Washington Street
Chicago, IL   60602-1803
(312) 236-7800
(312) 236-6686 (fax)

## <u>CERTIFICATE OF SERVICE</u>

Stephen A. Yokich, an attorney, hereby certifies that on July 28, 2008, he caused the foregoing **Reply by the USW to Titan's Response to the USW's Motion for Summary Judgment** to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Michael R. Lied, Esq.
> HOWARD & HOWARD
> One Technology Plaza, Suite 600
> 211 Fulton Street
> Peoria, IL   61602-1350

and further certifies that on July 28, 2008, he caused the same document to be served upon the following non-registered participants by U.S. Mail, first-class postage prepaid and addressed as shown below:

> None

/s/ Stephen A. Yokich
Stephen A. Yokich